J-S31024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN MORRIS | : | |
| | : | |
| Appellant | : | No. 1464 EDA 2022 |

Appeal from the PCRA Order Entered April 26, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003804-2016

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 29, 2023**

Appellant, Calvin Morris, appeals from the April 26, 2022 order entered in the Court of Common Pleas of Philadelphia County, dismissing his second amended petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 P.C.R.A. §§ 9541-9546. Appellant contends his trial counsel was ineffective for failing to litigate a motion to suppress. Although the PCRA court originally denied Appellant's petition, the court subsequently issued a Rule 1925(a) opinion explaining that, "considering the issues as framed in the petitions in conjunction with those framed on appeal," the court had reached a different conclusion. Rule 1925(a) Opinion, 9/7/22, at 10. Finding no error

in the PCRA court's revised determination, we vacate the April 26, 2022 order and remand.[1]

Briefly, after an April 28, 2017 bench trial, Appellant was convicted of various firearms violations stemming from a March 31, 2016 vehicle stop. His post-sentence motions were denied and he filed a direct appeal to this Court. On April 10, 2019, we affirmed the judgment of sentence. Our Supreme Court denied his petition for allowance of appeal on August 19, 2019.

Appellant filed a timely PCRA petition on October 11, 2019, contending that trial counsel was ineffective for failing to litigate a motion to suppress. Counsel was appointed and filed an amended PCRA petition on February 17 2021, reiterating the same issue. The Commonwealth filed a motion to dismiss. The PCRA court conducted an evidentiary hearing in December 2021. Based on information elicited during the proceedings, the court permitted Appellant to file a second amended petition. In that petition, Appellant repeated the claim relating to the failure to litigate a motion to suppress and added claims of ineffectiveness for failure to file a motion to disclose a

_____

[1] We recognize that:

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo standard of review to the PCRA court's legal conclusions.*

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citations omitted).

- 2 -

confidential informant and for failure to impeach the credibility of a police officer relating to his source of information that Appellant possessed a firearm. Second Amended PCRA Petition, 1/18/22, at ¶ 2. In response, the Commonwealth filed a second motion to dismiss.

The PCRA court dismissed the petition on April 26, 2022. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In its Rule 1925(a) opinion, the PCRA court explained that the issues as framed in Appellant's first and second amended petition did not merit a finding of trial counsel ineffectiveness. Rule 1925(a) Opinion, 9/7/22, at 10. However, the court noted that PCRA counsel argued on appeal not just that trial counsel was ineffective for failing to litigate a motion to suppress evidence, but also that counsel was ineffective for failing to question the arresting officers about the *existence* of a confidential informant whose information led to the traffic stop and Appellant's arrest. "Whether or not a CI actually existed is a question that was raised as a result of Officer Langford's testimony at the evidentiary hearing." **Id.** "While this is not an argument made in the aforesaid PCRA petition, it is part and parcel of Appellant's claim concerning trial counsel's failure to act." **Id.** at 11. The court further determined that Appellant was prejudiced by counsel's ineffectiveness and that there was a reasonable probability of a different outcome absent the error. **Id.** at 12.

In its Rule 1925(a) opinion, the PCRA court thoroughly recounted the procedural and factual background of the case and explained in detail, with citation to legal authority, the basis for the initial dismissal of Appellant's petition. The court then explained that matters raised during the December 2021 evidentiary hearing, coupled with the framing of issues being raised in this appeal, caused the court to reach a different conclusion, *i.e.*, that absent counsel's failure to act, "there is a reasonable probability that a suppression motion would have been granted." *Id.* at 12.[2]

The Commonwealth does not challenge the PCRA court's assessment of the potential for PCRA relief based on an argument not originally raised on appeal, nor does the Commonwealth argue against a remand. However, because PCRA counsel failed to argue the issue that the PCRA court now finds to have merit, and because PCRA counsel cannot raise his own ineffectiveness based on the failure to raise an issue before the court below, the Commonwealth suggests that new counsel be appointed on remand. Commonwealth Brief at 8-9 (citing **Commonwealth v. Bradley**, 261 A.3d 381, 398, 401 (Pa. 2021)).

---

[2] On February 23, 2023, Appellant filed an application with this Court seeking a remand to the PCRA court for reconsideration. By order entered on March 16, 2023, we denied the application for remand without prejudice to Appellant's right to raise the issue again in his appellate brief.

Based on our review of the record, the PCRA court's Rule 1925(a) opinion, and the relevant authorities, we agree with the PCRA court that its order of dismissal should be vacated and the case remanded to the PCRA court for further proceedings. Moreover, we agree with the Commonwealth that new counsel should be appointed on remand. We hereby adopt the PCRA court's September 7, 2022 opinion as our own and incorporate it herein by reference as if fully set forth. In the event of any further filings, the parties shall append a copy of the September 7, 2022 opinion to their filings.

Order vacated. Case remanded for further proceedings in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2023

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      :      CP-51-CR-0003804-2016

VS.      :

CALVIN MORRIS      :      1464 EDA 2022      **FILED**

OPINION      SEP - 7 2022

SCHULMAN, S.I., J.      Appeals/Post Trial
Office of Judicial Records

Calvin Morris ("Appellant") appeals this Court's dismissal of his claims pursuant to the Post Conviction Relief Act, 42 C.S.A. 9541, et seq. ("PCRA"). This Court submits the following Opinion in accordance with Pa. R.A.P. No. 1925 and recommends that Appellant's PCRA petition be granted.

On April 28, 2017, following a bench trial, Appellant was convicted of illegally possessing a firearm (18 Pa. C.S. § 6105), concealing a firearm on his person and/or in a vehicle without a license (18 Pa. C.S. § 6106), and carrying a firearm on the public streets of Philadelphia without a license (18 Pa. C.S. § 6108). On July 7, 2017, the Court sentenced Appellant to four (4) to eight (8) years' incarceration for his conviction under 18 Pa. C.S. § 6105, followed by two (2) years' probation for his conviction under 18 Pa. C.S. § 6106. No sentence was imposed for Appellant's conviction under 18 Pa. C.S. § 6108.

Appellant filed a timely post-sentence motion, which was denied on July 20, 2017. The Superior Court of Pennsylvania affirmed the Court's ruling in an Opinion filed on April 10, 2019. Appellant subsequently filed a timely *pro se* PCRA Petition on October 11, 2019 in which he alleged ineffective assistance of counsel for failure to litigate a motion to suppress physical evidence prior to trial. On February 2, 2021, court-appointed counsel filed a petition on behalf

1

of Appellant advancing Appellant's original claims pursuant to 42 PA. C.S.A. § 9543. On February 17, 2021, counsel filed an amended petition on the same grounds. [1] The Commonwealth filed a motion to dismiss Appellant's petition. On December 3, 2021, the Court conducted an evidentiary hearing which was continued on December 16, 2021. The Court allowed Appellant to supplement his PCRA petition based upon information learned at the second hearing. On January 18, 2022, counsel filed a second amended petition on behalf of Appellant in which he raised two (2) new claims: 1) that trial counsel was ineffective for failing to file a motion to reveal the identity of a confidential information (CI); and 2) trial counsel was ineffective for failing to "impeach the credibility of a police officer for lying about the source of his information". [2] On March 3, 2022 the Commonwealth filed a second motion to dismiss. A Notice of Intent to Dismiss pursuant to Pa. R.C.P 907 was issued on March 25, 2022. [3] An Order dismissing Appellant's petition was filed on April 26, 2022.

On May 24, 2022 Appellant filed Notice of Appeal to the Superior Court followed by a Statement of Matters Complained of on Appeal filed June 23, 2022.

## FACTUAL BACKGROUND

At trial, the Commonwealth presented the testimony of Philadelphia Police Officer, Daniel Loesch. Officer Loesch testified that on March 31, 2016, he and his partner (Officer Donahue) were patrolling the area of 1600 North Bailey Street, in the city and county of Philadelphia, Pennsylvania. At about 4:00 p.m. the officers received information from Police

---

[1] See Amended PCRA Petition, paragraph 2: "The grounds for relief requested are as follows: Petitioner was denied the effective assistance of counsel and a fair trial, and Due Process of Law, when trial counsel failed to litigate a motion to suppress physical evidence."

[2] See Second Amended PCRA Petition, paragraph 2: "The grounds for relief requested are as follows: Petitioner was denied the effective assistance of counsel and a fair trial, and Due Process of Law, when trial counsel failed to litigate a motion to suppress physical evidence, a motion to disclose the confidential informant and failed to impeach the credibility of a police officer for lying about the source of his information."

[3] The defendant was present in the courtroom with his counsel.

Officer David Rausch regarding "a male armed with a firearm ... inside a blue Honda Accord" located near 1600 North Bailey Street. In addition, the information was that the male might not be operating the car. (N.T., 4/28/17 at 12) The officers observed the blue Honda at this very location, and they pulled in front of the vehicle while it stopped at an intersection. Officer Loesch exited his patrol car and approached the passenger side of the vehicle where Appellant was seated. Officer Loesch could not see any firearm as he was immediately approaching the vehicle. (N.T., 4/28/17 at pgs. 12-17).

Officer Loesch immediately removed Appellant from the vehicle because he was concerned that Appellant was armed. As Appellant exited the vehicle, Officer Loesch observed a large firearm with a wooden handle and black grips in Appellant's right waist-band area. The firearm's wooden handle came into Officer Loesch's "plain view" as a result of Appellant shifting his body and causing his clothing to move while he exited the vehicle. Upon learning that Appellant lacked a license to carry the firearm, Officer Loesch confiscated the gun and placed it on property receipt. The firearm was "a .352 magnum revolver ... loaded with two live rounds." (Id. at pgs. 16-18).

Finally, Officer Loesch testified that Officer Langford filled out the paperwork (7548 A) for this stop, noting that a firearm was recovered from the passenger's person. (Id. at pgs. 32-34).

Officer Rausch was called by the defense. He stated that he and his partner, Officer Langford arrived after Appellant's car was stopped. When he arrived on location Appellant was being taken out of the blue Honda by Officer Loesch. He added that there was also a young child in the back seat in a car seat. He recalled that a vehicle search was not conducted because of the

3

presence of the child. He received the firearm from Officer Loesch after it was recovered from Appellant's waistband. (N.T., 4/28/17 at 27-29).

Officer Rauch testified that both he and Officer Langford filled out the 7548A vehicle stop report. (*Id.* p. 38). Neither Officer Loesch nor Officer Rausch were questioned by counsel about the source of the information and/or the confidential informant that led to the stop.

The parties stipulated that the firearm was examined at the Firearms Identification Unit and was found to be "operable." Lastly, the parties also stipulated that Appellant did not have a license to carry a firearm; and that he was ineligible to possess a firearm due to a prior due to a prior felony conviction for possession with intent to deliver. (Id. at pgs. 29-35).

Appellant testified as well, claiming among other things that the firearm was not recovered from his person, and that he had no knowledge that there was a gun in the vehicle. Appellant testified that he and Laschay Davis (the driver), along with her six-month-old child, were going to purchase a new bed when several police officers pulled over the vehicle and ordered him out of the car. According to Appellant, the officers did not recover a firearm from his person; the officers found the gun under the seat and then asked Appellant whether it belonged to him. Although Appellant replied that the gun was not his, the officers still placed him under arrest. Appellant further testified that he did not know where the gun came from; did not know if the gun belonged to Ms. Davis; and did not know if Ms. Davis had a license to carry a firearm. (Id. at pgs. 44-54).

**EVIDENTIARY HEARING**

At the evidentiary hearings on December 3rd and December 16th, 2021, trial counsel explained that he initially filed a motion to suppress physical evidence based on the belief that the information regarding Appellant's vehicle came from an anonymous tip. However, counsel

4

withdrew the motion after having a discussion with the Assistant District Attorney. While he could not remember the details of that conversation, he remembers that he decided to withdraw the motion based on information he learned from that conversation. (N.T. 12/3/21 pgs. 1-17, 23). Counsel recalled that his trial strategy included having his client testify, which impacted his decision to withdraw the motion. (N.T., 12/16/21, p.21.).

Assistant District Attorney Jeffrey Hojnowski testified that he was the prosecuting attorney for Appellant's case and that he was preparing for the motion to suppress. According to ADA Hojnowski:

"In preparing for that motion and speaking to the officers involved, it became clear to me that the officers had wrote up the paperwork different than what actually had transpired. It wasn't an anonymous tip, it was actually a known informant who had given them information about the defendant, his whereabouts, what he would have on him. Once I got that information, I then took Mr. Cooper aside in the courtroom and told him that information." (N.T., 12/16/21, p.26.).

Furthermore, ADA Hojnowski produced his trial file where he made notations about the motion to suppress. Specifically, he noted on his file that he "spoke with the defense regarding information from anonymous source. Explained that it was a CI, the PARS written that way to protect the I.D. of the CI." (N.T., 12/16/21, p.30, 31).

Officer Lankford testified at the evidentiary hearing and agreed that the PARS report shows that the information was from an anonymous tip. He explained that "There was a person that provided the information that we were trying to withhold the name, protect his identity, keep him anonymous, I'm sorry." Furthermore, according to his recollection, Officer Rausch was the person who prepared the PARS report. (N.T., 12/16/21, p.34- 36).

5

When asked whether he could have questioned the officers' credibility due to the paperwork discrepancy, trial counsel agreed that a difference in the police report regarding whether the information came from a known source or from an anonymous tip would be something he would use to cross-examine the officers to attack their credibility. (N.T., 12/16/21, p.14.).

Because this issue over the discrepancy in the police paperwork came to light for the first time during the evidentiary hearing, the Court allowed PCRA counsel the opportunity to file a second amended petition. (N.T., 12/16/21, p.46). The Commonwealth filed an amended response as well.

## ISSUES ON APPEAL

Appellant raises the following issues in his Statement of Matters Complained of on Appeal:

1. **"THE TRIAL COURT ERRED IN DENYING RELIEF UNDER THE POST CONVICTION RELIEF ACT FOR TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO LITIGATE A MOTION TO SUPPRESS.**

2. **"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING RELIEF UNDER THE POST CONVICTION RELIEF ACT FOR TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO QUESTION POLICE OFFICERS ON THEIR FAILURE TO DISCLOSE THE EXISTENCE OF A CONFIDENTIAL INFORMANT"**

## DISCUSSION

I. **"THE TRIAL COURT ERRED IN DENYING RELIEF UNDER THE PCRA FOR TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO LITIGATE A MOTION TO SUPPRESS."**

In his first and second amended petitions, Appellant posits three (3) grounds for relief: 1) counsel was ineffective for failing to litigate a motion to suppress; 2) counsel was ineffective for failing to litigate a motion to disclose the identity of the confidential informant; 3) counsel was

6

ineffective for failing to impeach the credibility of a police officer for lying about the source of his information.

In regard to the first issue, Appellant claims that counsel was ineffective for failing to litigate a motion to suppress the gun pursuant to *Commonwealth v. Hicks*, 208 A.3d 916 Pa. 2019, overruling *Commonwealth v. Robinson*, 600 A.2d 957 (1991) Appellant argued that under *Hicks*, which was decided two (2) years after his arrest, the stop would be prohibited based solely upon information that an individual possessed a concealed firearm in vehicle. The PCRA court granted Appellant's request for an evidentiary hearing on this issue to determine why the motion was not litigated.

Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a showing by the petitioner. *Commonwealth v. Smith*, 17 A. 3d 873 (Pa. 2011). "A properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Id.* The Court should reject the ineffectiveness claim if a defendant fails to satisfy any one prong of the test. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). A petitioner must show a "reasonable probability" that he would have received a more favorable result absent counsel's alleged error to show prejudice. *Commonwealth v. Dennis*, 17 A.3d 297, 301 (Pa. 2011).

The law at the time of the arrest allowed that detailed information from a known source that a person in a vehicle had a firearm could be a sufficient basis upon which to stop that vehicle. *Commonwealth v. Brown*, 996 A.2d 473 (Pa. 2010); *Commonwealth v. Robinson*, supra.

Trial counsel clearly intended to litigate the suppression motion upon the belief that his client was stopped due to an anonymous tip. (See *Commonwealth v. Mackey*, 177 A.3d 221,

7

Pa.S. 2017 recognizing that "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity, quoting *Alabama v. White*, 496 U.S. at 327, 329, 110 S.Ct. 2412 1990). However, once counsel learned that the tip was from a known informant, his decision to withdraw the motion was grounded in the law as well as in his trial strategy. (See *Commonwealth v. Baker*, 541 A.2d 1381 (Pa.S.Ct. 1988), affirming admissibility of a firearm discovered after a vehicle stop based upon information from a known source that the occupant was seen waving a gun).

Here, the information from a known source included the color, make and model of the vehicle; the street where the vehicle could be located; that Appellant was a passenger in that vehicle; and that Appellant was in possession of a firearm. (N.T., 4/28/17, Trial, p. 14-15). As counsel explained, considering the circumstances of the stop as well as the applicable law, he did not believe that a suppression motion would have a reasonable chance of success.

"Counsel can never be found ineffective for failing to assert a meritless claim." See *Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981). The threshold inquiry in ineffective assistance of counsel claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Carter*, 597 A.2d 1156 (Pa. Super. 1991). Trial counsel had a reasonable basis for not litigating the motion and will not be found ineffective for failing to pursue a motion that has no arguable merit.

II.     **"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING RELIEF UNDER THE PCRA FOR TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO QUESTION POLICE OFFICERS ON THEIR FAILURE TO DISCLOSE THE EXISTENCE OF A CONFIDENTIAL INFORMANT"**

In his second amended petition, Appellant claims first that counsel was ineffective for failing to litigate a motion to reveal the identity of the confidential informant once he learned that

8

there was a critical discrepancy in the police paperwork. When considering a motion to reveal the identity of a CI, there must be "a reasonable possibility the informant's testimony would exonerate him." *Commonwealth v. Washington*, 63 A.3d 797, 801 (Pa.S. 2013). The court is called upon to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Washington*, id. at p. 801.

Here, there the information that was provided by the informant led to the car stop. There was no proffer as to how the informant's testimony would have exonerated him. Appellant's claim here centers around Officer Langford's testimony at the evidentiary hearing that the information on the police paperwork was intentionally erroneous. Appellant's grievance lies against the officers who prepared the paperwork, which is an issue separate and apart from revealing the identity of a CI. Furthermore, Appellant was not convicted on the basis of the informant's tip, such as where an informant claims to have been an eyewitness to a criminal act. Appellant was convicted based upon the arresting officers' testimony that he was in possession of a firearm.

The second issue Appellant raised in the second amended petition was that counsel should have impeached the credibility a police officer concerning the source of the information as being from an anonymous tip rather than a known informant when preparing the police paperwork.

The Commonwealth's only witness at trial was Officer Loesch, and he testified that he neither received the information nor prepared the paperwork. He was the officer who stopped the Appellant and recovered the gun. (N.T. 4/28/17 pgs. 14-18). Attempts to impeach Officer Loesch's credibility concerning his observation of the gun in Appellant's waistband based on the

discrepancy concerning the source of the tip would not have reasonably led to any different result.

The defense called Officer Rausch at trial but did not attack his credibility concerning the source of the information. Assuming, arguendo, that counsel did use the police paperwork to impeach Officer Rausch's testimony, it is possible that Officer Rausch's testimony could be wholly rejected by the factfinder. Even so, however, Appellant cannot demonstrate prejudice where Officer Loesch's testimony was sufficient evidence upon which to uphold Appellant's conviction.

Thus, the issues as framed in Appellant's first and second PCRA petitions do not merit a finding that trial counsel was ineffective. However, PCRA counsel argues on appeal that trial counsel was ineffective for failing to question the officers in regard to disclosing the actual *existence* of a confidential informant. This is different than Appellant's previous position, that trial counsel should have sought disclosure of the informant's *identity*. This is not a difference without distinction. Whether or not a CI actually existed is a question that was raised as a result of Officer Langford's testimony at the evidentiary hearing. PCRA counsel posits that trial counsel should have pursued this entire issue in some manner once he learned of the discrepancy. This Court dismissed the petition based upon the claims that counsel was ineffective for failing to litigate a suppression motion based on the holding in *Hicks*, supra.; failing to seek disclosure of the identity of a CI; and failing to impeach Officer Loesch's testimony at trial based on the discrepancy.

However, when considering the issues as framed in the petitions in conjunction with those framed on appeal, this Court comes to a different conclusion. Had counsel pursued this issue by requesting a continuance so that he could conduct further investigation, he would have

10

discovered the details of the discrepancy and been equipped to impeach the credibility of both Officer Rausch and Officer Langford at a suppression hearing. Once learning that an error was made on the paperwork that could have put the actual existence of a known informant into question, counsel had a duty to request time to investigate. While this is not an argument made in the aforesaid PCRA petitions, it is part and parcel of Appellant's claim concerning trial counsel's failure to act.

"[W]here matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." Commonwealth v. Koehler, 36 A.3d 121, 132 (Pa. 2012); see also Commonwealth v. Smith, 995 A.2d 1143, 1159 (Pa. 2010) ("'Not every choice made by counsel will play out as intended; however, the test is not whether the course chosen is successful, but rather whether in making that choice there was a logical reason supporting counsel's action.'") (citation omitted). "In reviewing trial counsel's performance, [courts] will not find ineffectiveness for failure to choose the best trial tactics or strategy to effectuate Appellant's interests." Commonwealth v. Showers, 681 A.2d 746, 753 (Pa. Super. 1996). "Rather, the proper inquiry is whether counsel's actions or lack thereof had *some* reasonable basis." Id. (emphasis in original) (citation omitted). "If so, counsel is deemed effective." Id.

To prevail in showing that trial counsel was ineffective for failing to pursue the suppression motion when he discovered the aforesaid discrepancy, Appellant must show that counsel's actions prejudiced him and that "but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984); *Commonwealth v. Fulton,* 830 A.2d 567, 574 (Pa. 2003). In other words, Appellant must show that questioning these officers about the tip

11

and the paperwork would have made a difference in the outcome of the trial. The *Strickland* standard requires evaluation not only of prejudice to the Appellant, but that counsel's action or inaction substantially effected the outcome of the proceeding:

"A number of practical considerations are important for the application of the standards we have outlined. Most important, in adjudicating a claim of actual ineffectiveness of counsel, a court should keep in mind that the principles we have stated do not establish mechanical rules. Although those principles should guide the process of decision, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Strickland*, supra. at p. 696.

Here, trial counsel testified at the evidentiary hearing that he could not think of a reason for his failure to pursue the reasons for the error contained on the police paperwork. Once he learned that the paperwork prepared by the arresting officers contained a falsehood that was material to the suppression motion, he had a duty to pursue the issue further. In other words, counsel had a duty to act upon this new information by requesting time to investigate.

The credibility of testimony offered to overcome a suppression motion is a critical factor that is taken into account when making a determination of whether there was reasonable suspicion and/or probable cause to stop a vehicle. This discrepancy was not regarding a minor detail; whether the tip was anonymous or from a known source is critical to the outcome of the suppression motion. Had it been revealed in a suppression motion that an arresting officer intentionally falsified critical information in a police report, there is a reasonable possibility that the motion would have been granted.

The PCRA Court dismissed Appellant's petitions in error. Appellant was prejudiced by counsel's failure to act, and absent that error, there is a reasonable likelihood that a suppression motion would have been granted.

12

## CONCLUSION

For the reasons contained in the foregoing opinion, this Court recommends that Appellant's PCRA petition should be granted and remanded for further proceedings.

BY THE COURT:

DATE: 9/7/22

_____
SUSAN I. SCHULMAN, J.

## PROOF OF SERVICE

I, Katherine Snover, assistant to the Honorable Susan I. Schulman, hereby certify that I served on July 22, 2022 by Certified Mail and/or Inter-Office mail, a true and correct copy of the foregoing Order on the following:

Kevin Birley, Esquire
1221 Locust Street
Philadelphia, PA 19107

Tracey Kavanaugh
District Attorney's Office
Post-Trial Unit
Three South Penn Square
Philadelphia, PA 19107-3499
*(via Inter-office mail)*

_Katherine Snover_
Katherine Snover